833 F.2d 1024
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
James A. ISREAL, Petitioner,
v.
DEPARTMENT OF HEALTH AND HUMAN SERVICES, Respondent.
 No. 87-3298.
 United States Court of Appeals, Federal Circuit.
 Oct. 22, 1987.
 
 Before DAVIS, Circuit Judge, BALDWIN, Senior Circuit Judge, and EDWARD S. SMITH, Circuit Judge.
 DAVIS, Circuit Judge.
 
 DECISION
 
 1
 The decisions of the Merit Systems Protection Board (MSPB or Board), MSPB Docket No. DC07528610288, affirming petitioner's removal from his position with respondent agency, are affirmed.
 
 OPINION
 
 2
 Petitioner was an animal caretaker at the National Institutes of Health. In October 1985 he was reassigned within that entity to another position with a new supervisor. He never reported to work because he did not want to work for that new supervisor, and claimed that that prospect made him ill. After reports by petitioner's own psychiatrist and the agency's psychiatrist, the agency found that he was not entitled to sick leave and removed him. On appeal to the MSPB, the administrative judge held a hearing--receiving the medical evidence that was before the agency and also new evidence for petitioner by a Dr. Smothers. The administrative judge upheld the agency, and the full Board declined review.
 
 
 3
 On this record we hold that there was substantial evidence supporting the conclusion that petitioner was not sick and therefore not entitled to sick leave (as he claimed). There was no report of objective symptoms such as high blood pressure or ulcers. Isreal's own doctor talked of "psychosocial stress" and Dr. Smothers (who first appeared at the MSPB hearing) observed only the subjective symptoms of anxiety and depression with accompanying insomnia, headaches, diminished appetite, work avoidance and social withdrawal. On the other hand, Dr. Strauss, the agency's psychiatrist, reported that when she met Mr. Isreal he was not "then medically/psychiatrically ill" or that he "had a medical psychiatric illness" justifying sick leave. On this possibly somewhat conflicting evidence (though neither of the petitioner's two doctors stated that he was psychiatrically ill), the Board was entitled to accept Dr. Strauss' position. It also follows that, on the Board's findings, there was the proper nexus to the efficiency of the service; an employee who is not sick is not entitled to sick leave and should report to work as ordered. Similarly, removal is warranted for an employee who thus fails to meet his obligations.
 
 
 4
 BALDWIN, Senior Circuit Judge, dissents.